IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY L. LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>UPMC MCKEESPORT HOSPITAL,<br><br>  Defendant. | 2:19-cv-00850 |
| TRACY L. LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>UPMC MAGEE HOSPITAL/CLINIC,<br><br>  Defendant. | 2:19-cv-00865 |

**MEMORANDUM ORDER**

In these actions, the Plaintiff, Tracy Lewis, appears to seek monetary and other relief against two Pittsburgh (PA) area hospitals and one or more (dozens more in 19-cv-865) individual Defendants, apparently related to an alleged failure on their part to diagnose the pregnancy-related condition of preeclampsia (19-cv-865), and the resulting death of her infant child (19-cv-850), all of which appear to have occurred in this District.

In 19-850, the Complaint was received on July 17, 2019 (ECF No. 1), and *in forma pauperis* status was granted by Order dated July 23, 2019 (ECF No. 2). Pursuant to the Court's obligations under 28 U.S.C. § 1915, the Court screened the Complaint in that case, and by Order dated July 30, 2019 (ECF No. 7), it dismissed the action without prejudice and with leave to amend on or before August 20, 2019. Ms. Lewis filed an Amended Complaint (ECF No. 8) on time.

1

In 19-865, the Complaint was received on July 18, 2019 (ECF No. 1). By Order dated July 30, 2019 (ECF No. 5), the Court upon its § 1915 screening review dismissed the action without prejudice, but with leave to amend on or before August 20, 2019. An Amended Complaint was filed on August 20, 2019 (ECF No. 6), and *in forma pauperis* status was granted on October 2, 2019 (ECF No. 8).

The Court remains obligated to review the Amended Complaints in both actions pursuant to 28 U.S.C. § 1915, and given Ms. Lewis *pro se*/IFP status, to give her the benefit of the doubt as to the content and form of those pleadings. Even when a most liberal pleading standard is applied, the Court is constrained to conclude that as to the action at 19-850, the Court must dismiss the action without prejudice for want of subject matter jurisdiction. The Amended Complaint reveals that Ms. Lewis and the Defendants are each citizens of Pennsylvania and of this District. Further, while she appears to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, the reality is that there is nothing pled in the Amended Complaint that would support a conclusion that Ms. Lewis has presented, or has, a claim arising under federal law. In fact, Ms. Lewis relies upon and cites to only a Pennsylvania state statute, a segment of the ALR legal reference series, and seemingly to a Pennsylvania Common Pleas Court case reported in the District and County Reporter 4th. There is also no basis to conclude that there is a basis to invoke diversity jurisdiction under 28 U.S.C. § 1332, nor federal question jurisdiction under 28 U.S.C. § 1331, nor any other statutory grant of subject matter jurisdiction to this Court. The long and the short of it is that Ms. Lewis' claims must be addressed in Pennsylvania state court, and not this federal court of limited jurisdiction.

The action at 19-865 fairs no better. Once again, Ms. Lewis invokes federal question jurisdiction. She cites to two (2) Pennsylvania state statutes which won't do the trick. She does also cite to 42 U.S.C. § 1983, but provides no facts at all that would support any conclusion that

she has a claim that results from the deprivation of right secured by the Constitution or laws of the United States, taken under the color of state law, by a state actor. All of the parties to the action identified in the Amended Complaint are citizens of Pennsylvania and of this District, and there is no basis to conclude that there is any basis to invoke diversity jurisdiction under 28 U.S.C. § 1332, and as noted, there is no basis advanced that any Defendant was a state actor who deprived Ms. Lewis of a federal right while acting under the color of state law. Once again, the long and the short of it is that the claims Ms. Lewis seemingly attempts to advance, related to what may best be described as a medical malpractice claim, must be addressed in Pennsylvania state court under state law.

For the reasons noted above, these actions are each dismissed without prejudice for want of federal jurisdiction. Further, the action at 19-865 would also be dismissed for a failure to state a claim for relief cognizable in this Court, if the bare citation to 42 U.S.C. § 1983 were deemed sufficient to invoke the subject matter jurisdiction of this Court, as there is no plausible showing in the Amended Complaint of a cognizable claim for relief under federal law. In the case of 19-865, such dismissal would therefore be with prejudice, in that it appears to the Court that any further attempt to amend would be futile.

The Court shall close the case on the docket.

Mark R. Hornak
Chief United States District Judge

Dated: October 4, 2019

cc: Ms. Tracy L. Lewis (via U.S. Mail)

3